UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDA YOUNG,

     Plaintiff,                     CIVIL ACTION NO. 13-12465

   v.

                              DISTRICT JUDGE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant

GRANTED, as there is substantial evidence on the record that claimant retained the residual

functional capacity for a limited range of sedentary work.

**II.  REPORT**

**A.  Introduction and Procedural History**

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and

Supplemental Security Income (SSI) benefits on August 17, 2010[1], alleging that she had been

_____

[1]Plaintiff filed a prior application for DIB and SSI benefits on August 14, 2006, alleging the same disability as the present application, which was denied by the SSA and not pursued further (TR 14).

disabled and unable to work since August 15, 2010, at age 46, due to back pain, respiratory difficulties and peripheral vascular disease. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on November 1, 2011, before Administrative Law Judge (ALJ) J. Thomas McGovern. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing (TR 29). She had an eleventh grade education, and had been employed as a cashier, fast food worker, hand packager, hair stylist and a shift manager at a food bank during the relevant past (TR 30-31). She stopped working in 2009 due to bilateral leg pain that prevented her from standing for prolonged periods (TR 32). Other impairments which allegedly prevented Plaintiff from returning to work included chronic obstructive lung disease, degenerative disc disease of the lumbar spine and a history of varicose veins (TR 33-36). Claimant testified that she had to lie down with her left leg above heart level for several hours every day (TR 33). Claimant

---

Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (May 14 2009). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does present a federal constitutional challenge to the SSA's application of res judicata.

regularly used inhalers, but she continued to smoke cigarettes, despite shortness of breath due to bronchitis (TR 35). Plaintiff performed household chores, but was unable to do the laundry because it required her to go up and down stairs (TR 39-40).

A Vocational Expert, Scott Silver, classified Plaintiff's past work as light to medium activity, that did not impart any transferable skills (TR 47-48). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 49). If she were capable of sedentary work, there were numerous telephone information and order clerk jobs that Plaintiff could perform with minimal vocational adjustment (TR 49). These jobs provided a sit-stand option, and did not expose workers to open hazards, unprotected heights or concentrated exposure to dust, heat or cold. There would be no need to do any climbing or crawling (TR 49).

### B. ALJ Findings

The Administrative Law Judge found that Plaintiff was impaired primarily as a result of peripheral vascular disease, degenerative disc disease of the lumbar spine and chronic obstructive pulmonary disease (COPD), but that her condition was not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's pain symptoms precluded her from performing jobs requiring prolonged standing or walking. He further found that Plaintiff was unable to climb or crawl, and could not be exposed to unprotected

---

[2]The witness explained that Plaintiff's alleged need to elevate her left leg to chair level and above on a regular basis would preclude all work activity (TR 49).

3

heights, hazards, dust, fumes, heat or cold. Nevertheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert (TR 13-20).

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

4

would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her leg pain and pulmonary difficulties were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2013).

### D. Insured Status Requirement for DIB Benefits

A "period of disability" can only commence while an applicant is fully insured.  42 U.S.C. § 416(I)(2).  The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on June 30, 2011, and thus she cannot be found disabled unless she can establish a disability prior to that date.  <u>Gibson v. Secretary</u>, 678 F.2d 653, 654 (6th Cir. 1982).  Evidence relating to a later time period is only minimally probative, <u>Siterlet v. Secretary</u>, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status.  <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988).  In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled prior to June 30, 2011, when her insured status expired, in order to be entitled to DIB benefits.  <u>Garner v. Heckler</u>, 745 F.2d 383, 390 (6th Cir. 1984).

5

The proper inquiry on an application for SSI benefits is whether claimant was disabled on or after the application date.  Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993).  Thus, Plaintiff had the burden of proving that she was disabled between August 17,  2010, the SSI application date, and December 22, 2011, the date of the ALJ decision, in order to be entitled to SSI benefits.

### E.  Discussion and Analysis

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a restricted range of sedentary work that did not require prolonged standing, walking, climbing, crawling or exposure to an unclean work environment. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling pain.

The medical record during the relevant period contains little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to bilateral leg pain and COPD. A significant portion of the treatment notes found in the record document routine medical care for such ailments as respiratory distress, a bacterial infection and pneumonia[3].

---

[3]Plaintiff's respiratory issues in June 2009, were treated with Albuterol, Atrovent and advice to stop smoking. Claimant reportedly felt "much better" after treatment with no active wheeze (TR 224). She next sought treatment in December 2009 for a bacterial infection, received only medication, and apparently experienced no residual problems (TR 238-242). Plaintiff received no follow-up treatment for pneumonia after her diagnosis in  February 2010 (TR 249-64). Finally, Park Family Health Care treated claimant's myosotis, parenthesis, cervical radiculopathy and COPD with medication (TR 320-332).

6

See Helm v. Commissioner, 405 F. App'x 997, 1001 (6th Cir. 2011)(modest treatment regimen is inconsistent with a finding of total disability).

A consultative evaluation by Dr. Bina Shaw on October 19, 2010, noted a normal range of spinal motion, and no signs of joint tenderness or muscle spasms. Bilaterally straight leg raise tests were negative, and claimant was able to walk with a steady gait. There was no effusion or tenderness in Plaintiff's knees, despite mild crepitus and swelling of the left foot (TR 280-286). The clinical examiner concluded the claimant could work eight hours per day in a sit-down position and lift at least five pounds without difficulty[4] (TR 281).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[5], who concluded that the claimant could perform light work (TR 59-60). The ALJ further considered Plaintiff's testimony that she did not require any assistance with grooming or hygiene. Claimant reportedly prepared her own meals, and performed most household chores apart from laundry. She watched television, did crossword puzzles, enjoyed reading, grocery shopped, played cards and watched movies with family and friends. Plaintiff remained active in church, used public transportation, and could lift a gallon of milk (TR 16, 39-43, 191-198).

---

[4]Contrary to Plaintiff's assertion, there is no inconsistency between the ALJ's determination that she could perform a reduced range of sedentary work, which involves lifting "no more than" ten pounds at a time and "occasionally" lifting small articles (20 C.F.R. § 404.1567(a)), and Dr. Shaw's conclusion that Plaintiff could lift "at least" five pounds "without difficulty". (TR 281). In fact, the claimant testified that she was able to lift a gallon of milk (TR 43).

[5]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2013).

7

In light of this evidence, I suggest that the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back and leg pain were not fully credible.

The ALJ also considered Plaintiff's sparse treatment as a factor in concluding that her pain symptoms and functional limitations were not as severe as she alleged. The ALJ took into account claimant's bilateral leg pain by limiting her to sedentary work that did not require her to remain on her feet for prolonged periods. Plaintiff was also restricted from climbing, crawling, unprotected heights, hazards, respiratory irritants and extreme temperatures. There was no medical support in record that Plaintiff needed to regularly sit with her left leg elevated above heart level[6].

Given the lack of objective clinical evidence of disability during the relevant period, the Administrative Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of sedentary work. There was medical evidence on both sides and, having examined it, I cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

---

[6]The medical record demonstrated that Plaintiff was treated for chronic swelling in her left leg and foot in December 2009, but no examining doctor recommended that she sit with her leg elevated above heart level on a regular basis. Following an examination in October 2010, Dr. Shaw concluded that her "mild swelling" would not interfere with the ability to work eight hours a day in a sit-down position (TR 281).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[7], the Vocational Expert testified that there were numerous telephone information and order clerk jobs that Plaintiff could perform with minimal vocational adjustment (TR 49). These jobs provided a sit-stand option, and did not expose workers to open hazards, unprotected heights or concentrated exposure to dust, heat or cold. There would be no need to do any climbing or crawling (TR 49). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial

---

[7]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her leg pain and respiratory difficulties. Based on the claimant's residual capacity, including the limitation of changing positions as needed, the VE testified that the hypothetical person could perform clerical jobs that were performed primarily in the seated position (TR 49). The ALJ was not required to include additional limitations, such as Plaintiff's alleged need to elevate her legs, that he did not find to be credible. See Casey, 987 F.2d at 1235 ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact").

evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity during the relevant period.

### F. Conclusion

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

10

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.   The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E. Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: July 16, 2014