UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDA YOUNG,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 13-12465

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER ADOPTING REPORT AND RECOMMENDATION [13];
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[12]; OVERRULING PLAINTIFF'S OBJECTIONS [15]; AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]**

On July 16, 2014, Magistrate Judge Binder issued a Report and Recommendation ("R&R") [13] recommending that the Court grant Defendant's Motion for Summary Judgment [12] and deny Plaintiff's Motion for Summary Judgment [9]. Plaintiff filed Objections [15] on July 30, 2014.

For the reasons stated below, the Report and Recommendation [13] is **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [12] is **GRANTED**. Plaintiff's Objections [15] are **OVERRULED** and her Motion for Summary Judgment [9] is **DENIED**.

## I. Factual Background

The R&R [13] contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

## II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *See also Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's

factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal citations omitted). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Finally, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference. *Villarreal v. Secretary of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987).

### III. Analysis

In the R&R [13], the Magistrate Judge recommends that the Court grant Defendant's Motion for Summary Judgment [12] and deny Plaintiff's Motion for Summary Judgment [9]. The Magistrate Judge finds that substantial evidence supports the ALJ's conclusion that Plaintiff retained the residual functional capacity (RFC) during the relevant period to perform a limited range of sedentary work.

In her Objections [15], Plaintiff argues that the Magistrate Judge overlooked two legal errors committed by the ALJ. The alleged errors are addressed in turn below.

### A.     The ALJ's Credibility Finding

Plaintiff objects to the R&R [13] for failing to find that the ALJ erred by giving little weight to Plaintiff's testimony concerning her functional limitations. Plaintiff argues that the ALJ's assessment of her credibility constitutes a failure to follow Social Security Agency (SSA) regulations, and that this failure prejudiced Plaintiff. Specifically, she suggests that the ALJ failed to follow 20 C.F.R. §404.1545, which states that the Commissioner "will not reject [a claimant's] statements about the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantiate [her] statements."[1]

This Court may not disturb an ALJ's credibility determination "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). An ALJ's failure to follow SSA regulations governing credibility determinations would likely constitute such a reason. *See Bowen v. Commissioner*, 478 F.3d 742, 746 (6th Cir. 2007) ("Even if supported by substantial evidence . . . a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that

---

[1] Plaintiff also cites several regulations and decisions that do not directly relate to assessing a claimant's credibility, but instead concern substantive standards for determining whether a claimant's limitations constitute a disability. The ALJ's assessment of Plaintiff's credibility could not violate these regulations, and Plaintiff does not link them to any other alleged legal error.

4

error prejudices a claimant on the merits or deprives the claimant of a substantial right."). However, Plaintiff identifies no such regulations other than 20 C.F.R. §404.1545, which forbids the Commissioner to discredit a claimant's description of her pain, symptoms, or resulting functional limitations solely because the claimant's testimony is not substantiated by objective medical evidence.

The ALJ did not discredit Plaintiff's testimony solely due to a lack of substantiating objective medical evidence. The ALJ specified that in reaching his conclusions on Plaintiff's credibility and her RFC, he relied in part on Plaintiff's "generally unpersuasive appearance and demeanor while testifying at the hearing" and her "apparent lack of discomfort." An ALJ's opportunity to make such observations of a claimant are one reason her credibility determinations "should not lightly be discarded." *Villarreal*, 818 F.2d at 463 (citing *Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)). It was therefore proper for the ALJ to rely in part on his observations of Plaintiff at the hearing to assess her credibility. Because the ALJ did rely in part on his observations, and not solely on a dearth of substantiating objective medical evidence, the ALJ did not violate 20 C.F.R. §404.1545.

Plaintiff has failed to show that the ALJ's assessment of her credibility violated SSA regulations, and has no alleged no other compelling reason to disturb the ALJ's

credibility determination. Therefore, the R&R [13] did not err in failing to disturb the ALJ's credibility finding.

### B. Dr. Shah's Opinion and Plaintiff's RFC

Plaintiff also objects to the R&R [13] for failing to find that the ALJ erred by rejecting Dr. Shah's opinion concerning Plaintiff's RFC. Plaintiff asserts that the ALJ "purports to gleam [sic] from the records a medical opinion that is inconsistent with Dr. Shah's opinion of [Plaintiff's] RFC." Plaintiff's Objections [15] do not support this argument with any citations to the administrative record, and do not describe the alleged inconsistency between the RFC as characterized by Dr. Shah and by the ALJ. However, in Plaintiff's Motion for Summary Judgment [9], Plaintiff argues that the ALJ rejected Dr. Shah's opinion by characterizing Plaintiff as capable of lifting ten pounds occasionally and up to ten pounds frequently, while Dr. Shah opined only that Plaintiff could lift at least five pounds without difficulty. The Court assumes that Plaintiff is referring to the same alleged inconsistency when she argues in her Objections [15] that the Magistrate Judge and ALJ have rejected Dr. Shah's opinion.

The Court need not decide whether rejection of Dr. Shah's opinion would constitute legal error, since the ALJ did not reject Dr. Shah's opinion. As stated in the R&R, Dr. Shah's opinion that Plaintiff could lift "at least" five pounds "without difficulty" is not inconsistent with the ALJ's finding that Plaintiff could lift up to ten

pounds frequently, and ten pounds occasionally. A reasonable mind could conclude that if Plaintiff could lift at least five pounds easily, she likely could lift slightly greater weights frequently, and moderately greater weights occasionally. This is especially true in light of other record evidence; as noted in the R&R, Plaintiff testified that she could lift a gallon of milk (estimated by the ALJ to weigh eight pounds). Finally, Dr. Shah concluded that Plaintiff could work eight hours per day in a sit-down position, bringing her opinion even further in line with the ALJ's conclusion that Plaintiff's lifting abilities were not preclusive of the limited range of sedentary work he found her capable of performing.

Because the ALJ did not reject Dr. Shah's opinion, there were no grounds for the R&R [13] to find that the ALJ erred by rejecting it.

## IV. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [13] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [12] is **GRANTED**. Plaintiff's Objections [15] are **OVERRULED** and her Motion for Summary Judgment [9] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 17, 2014            Senior United States District Judge

7